ROBERT J. ODSON (Bar No. 162506)
robert.odson@dlapiper.com
STACI M. TOMITA (Bar No. 266309)
staci.tomita@dlapiper.com
**DLA PIPER LLP (US)**
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
Tel: 213.330.7700
Fax: 213.330.7701

Attorneys for Defendant and Counter-Plaintiff
APOLLO/VEF INVESTMENTS I, L.P. and
Counter-Plaintiff AP LA MULTIFAMILY 3, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXS OPPORTUNITY FUND, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>ADEM INVESTMENTS I, L.P., APOLLO/VEF INVESTMENTS I, L.P., and DOES 2 through 20, Inclusive,<br><br>Defendants.<br><br>APOLLO/VEF INVESTMENTS I, L.P. and AP LA MULTIFAMILY 3, LLC,<br><br>Counter-Plaintiffs,<br><br>v.<br><br>AXS OPPORTUNITY FUND, LLC, a Nevada limited liability company, and ROES 1 through 10, Inclusive,<br><br>Counter-Defendants. | CASE NO. CV CV10-04773 JAK (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER] |

Los Angeles

EAST\44902031                    -1-

[PROPOSED] PROTECTIVE ORDER

Based on the Stipulation for Protective Order signed by the parties (**"Stipulation"**), and good cause appearing, the Court hereby orders as follows:

1. With respect to documents produced in response to discovery, documents provided subject to terms and conditions of this Protective Order, or any other documents filed in this action, any party or non-party (if such non-party produces documents pursuant to a subpoena duces tecum or testifies at a deposition taken by a party) with "good cause," as that term is established in Rule 26(c) of the Federal Rules of Civil Procedure and applicable case law, may designate as "confidential" by stamping or otherwise marking with the word "CONFIDENTIAL" on the document, thereby making such document subject to the provisions of this Protective Order. Stamping the word "CONFIDENTIAL" on the cover of any multi-page document shall be deemed to designate all pages of the document as "confidential."

2. At any time after the production or filing of any document designated as "CONFIDENTIAL," counsel for any party may challenge such designation by providing counsel for the designating party or non-party (**"Designating Party"**) written notice of such challenge identifying the document. Counsel for the Designating Party shall have seven (7) calendar days from receipt of such notice to file a motion with the Court that the designation is valid. Upon such motion, the Designating Party will bear the burden of establishing that the designation was proper. If counsel for the Designating Party does not file such motion within the seven (7) calendar days, the challenged designation is deemed withdrawn.

3. Except with the prior written consent of the parties hereto, or upon prior order of this Court after notice to counsel for the parties, documents designated as "CONFIDENTIAL" shall be used only by a "qualified person" specified in paragraph 4, infra. Counsel for the parties shall take all reasonable precautions to prevent unauthorized disclosure of documents and information designated "CONFIDENTIAL."

DLA Piper LLP (US)
Los Angeles

EAST\44902031

-2-

[PROPOSED] PROTECTIVE ORDER

4. Documents designated as "CONFIDENTIAL" may be made available only to the Court and to the following "qualified person(s)":

 (a) the named parties and any officer, employee or agent of a party, to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action;

 (b) the attorneys for the parties, including in-house counsel, and employees and staff of such attorneys;

 (c) any witness at a deposition in the action;

 (d) any witness at trial in the action;

 (e) any person retained by the attorneys to assist in the preparation of this action for trial or otherwise, including experts, consultants, and expert witnesses;

 (f) court reporters and court personnel; and

 (g) stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

5. Prior to the inspection of "CONFIDENTIAL" documents by any person identified in paragraph 4(e) of this Protective Order, such person shall be first provided with a copy of this Protective Order and shall certify (1) that it, he or she has carefully read the Protective Order and fully understands their terms and will be bound by their terms, and (2) that it, he or she consents to the personal jurisdiction of the above-captioned Court. Each such person shall sign a certificate in the form set forth in Exhibit "A" hereto to effectuate the foregoing prior to being provided with any "CONFIDENTIAL" documents.

6. When a party uses "CONFIDENTIAL" documents at the deposition of any person or a deponent provides testimony that is "CONFIDENTIAL," the transcript of the deposition or any exhibit thereof, to the extent the transcript or any exhibit thereof includes or refers to "CONFIDENTIAL" documents or information, may be designated as "CONFIDENTIAL" on the record during the deposition.

DLA Piper LLP (US)
Los Angeles
EAST\44902031

Additionally, a party or non-party may designate in writing, within thirty (30) days after receipt of the transcript that specific pages of the transcript and/or specific responses be treated as "CONFIDENTIAL" information. Any other party may object to such proposal, in writing or on the record. Upon such objection, the parties shall follow the procedures described in paragraph 2 above. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in paragraph 2 above, and counsel for the Designating Party shall be responsible for providing properly marked copies of the designated material to the other counsel.

7. Nothing herein shall impose any restriction on the use or disclosure by a party of any document lawfully obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action and is designated "CONFIDENTIAL."

8. Nothing herein shall restrict the right of a party or non-party producing and designating information as "CONFIDENTIAL" to itself disclose that information to whomever it wishes or otherwise to use that information as it sees fit.

9. For applications, motions or other pleadings filed with the Court on which a party attaches "CONFIDENTIAL" documents, all documents and chamber copies containing "CONFIDENTIAL" documents that are submitted to the Court shall be filed under seal in accordance with the procedures set forth in Local Rule 79-5.

10. Any party who has designated a document as "CONFIDENTIAL" may withdraw that designation at any time. Absent the prior written consent of the party who designated a document as "CONFIDENTIAL," such document shall be treated as "CONFIDENTIAL" information by all recipients unless and until an order is entered by the Court removing such designation.

1.  11. Nothing in this Protective or the production of any document under the terms of this Protective Order or any proceeding pursuant to this Protective Order shall be deemed to have the effect of an admission or waiver by any party regarding the confidentiality or nonconfidentiality of any such document. Except as specifically set forth in this Protective Order, nothing herein modifies the prior agreements entered into by the parties or constitutes a waiver of any right, claim, or defense by any of the parties.

12. The placing of the "CONFIDENTIAL" designation on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial or at any judicial hearing.

13. The Court shall retain jurisdiction to resolve any dispute concerning the use of such "CONFIDENTIAL" documents.

IT IS SO ORDERED.

Dated: 7/20/2011

_____Andrew J. Wistrich  /s/_____
UNITED STATES MAGISTRATE JUDGE

DLA Piper LLP (US)
Los Angeles
EAST\44902031
[PROPOSED] PROTECTIVE ORDER

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *AXS Opportunity Fund, LLC v. Apollo/VEF Investments I, L.P., et al.,* United States District Court for the Central District of California Case No. LA CV10-04773 JAK (AJWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court.

Dated:_____                _____

                                                          Name:_____